■ THOMAS HACKETT, Respondent, v. RALPH TOMOSETTI, Appellant.— In an action to recover damages for personal injuries, the appeal is from so much of an order as denied a motion to strike out respondent's pleadings because of his alleged willful failure to appear for examination before trial pursuant to appellant's notice. Order modified by adding to the first order paragraph after the word "denied" the words and figure "on condition that plaintiff submit to such examination at the place specified in the notice of examination and on the further condition that plaintiff pay defendant $50; otherwise, motion granted". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellant. Respondent is to make the payment within 40 days after the entry of the order hereon, and is to submit himself for examination at a time to be fixed in said order, not less than 7 days nor more than 40 days after the entry thereof. After appellant had served his notice of examination upon respondent, the latter placed the action on the trial calendar by filing a statement of readiness and a note of issue (see Rules App. Div. [2d Dept.], Special Rule, eff. Jan. 15, 1957, as amd.). Respondent did not, however, appear for examination. He apparently abstained from appearing on the ostensible theory that under the special rule it was incumbent upon appellant to move to strike the action from the calendar by reason of the noncompletion of the pending examination, and that appellant's failure so to do constitutes a waiver of his right to the examination. It is our opinion that appellant's failure so to move could not deprive him of his right to the examination. A party's right to conduct preliminary proceedings cannot be foreclosed by erroneous recitals in the statement of readiness filed by another party. However, as respondent's failure to appear, although intentional, was due to his misconception of the effect of the said special rule, and as this rule is of comparatively recent origin he should, in the exercise of the court's discretion, be given a further opportunity to appear for the examination before his pleading is struck out. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.